UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                          Chapter 13

MARCIA GORDON and                                               Case No.  1:14-44989-nhl
RUDOLPH FORBES,

                                                                   Hon. Nancy Hershey Lord
                                    Debtors.            United States Bankruptcy Judge
-------------------------------------------------------------x

### EASTERN SAVINGS BANK FSB'S OBJECTION
### TO CONFIRMATION OF THE DEBTORS' AMENDED CHAPTER 13 PLAN

      Eastern Savings Bank, fsb, ("Eastern") a secured mortgagee of Marcia Gordon ("Gordon") and an interested party to this Chapter 13 Case, by and through its attorneys, Kriss & Feuerstein LLP hereby files this *Objection To Confirmation of the Debtors Amended Chapter 13 Plan* (the "Objection") to Gordon and Rudolf Forbes' ("Forbes", and together with Gordon, the "Debtors") undated first amended Chapter 13 Plan (the "Amended Plan"), which was filed on February 4, 2015 [docket item 31], and respectfully states as follows:

### PRELIMINARY STATEMENT

      1.     The Debtors' Amended Plan should not be confirmed for every reason included in Eastern's Objection to Confirmation of the Debtors' Chapter 13 Plan filed on November 14, 2014 [docket item 19] (the "First Objection") and due to the fact that the Debtors have failed to provide Eastern with a single payment since this case was filed nearly six (6) months ago on September 30, 2014 (the "Petition Date").

      2.     Notwithstanding the plethora of issues raised by Eastern in connection with the First Objection to the Debtors initial Plan (the "First Plan"), the Amended Plan was amended ONLY to correct the fact that the Debtors' counsel signed the First Plan on behalf of himself and

also on behalf of the Debtors. None of the substantive issues contained in the First Objection were addressed since the filing of the First Objection whatsoever.

3.  **Perhaps most significantly, the Debtors' Plan is absolutely infeasible, since the Debtors grossly under calculated the amount of arrears required to reinstate under the subject loan to be $145,000.00, when the actual amount necessary to reinstate as of September 30, 2014 (the "Petition Date") exceeds $631,500.00, and their schedules fail to indicate an ability to reinstate the full amount of arrears.**

4.  Not only should the Debtors have been well aware that the sum of $145,000.00 could never have been an amount sufficient to reinstate with Eastern, but so should their counsel, who also represented Gordon in a foreclosure action pending before the United States District Court, the Eastern District of New York (1:14-cv-03030-BMC), through which a Judgment of Foreclosure and Sale (the "JFS") [docket item 20] in favor of Eastern, in the amount of $970,555.15 was entered on August 19, 2014, by the Hon. Brian M. Cogan. A copy of the JFS is annexed hereto as **Exhibit "C"**.[1]

5.  Thus, the Debtors' Amended Plan cannot be confirmed and this case should be dismissed.

## BACKGROUND FACTS

6.  As set forth in more detail below, Eastern is a first mortgagee of a mixed-use investment property owned and mortgaged by Gordon, commonly known as 5302 Church Avenue, Brooklyn, New York 11203 (Block 4701; Lot 1) (the "Property").

7.  In addition, Eastern is the current payee of a *Consolidated Secured Promissory*

*Note* (the "Note"), dated November 20, 2008 between, Gordon as Maker and Eastern as holder. A copy of the Note is annexed hereto as **Exhibit "A"**. The Note is secured by a *Mortgage Consolidation, Modification and Extension Agreement, Assignment of Leases and Rents and Security Agreement* (the "Mortgage") encumbering the Property. A copy of the Mortgage is annexed hereto as **Exhibit "B"**.

8.      The JFS was entered on August 19, 2014 in favor of Eastern, in the amount of $970,555.15, by the Hon. Brian M. Cogan of the United States District Court, the Eastern District of New York, conclusively establishing the amount owed by the Gordon to Eastern.

## BASIS FOR OBJECTION

9.      The Debtors' Amended Plan seeks to repay arrears due under the loan to Eastern in the amount of $145,000.00 over 60 months. As stated above, the amount of arrears that the Debtors suggest is due and owing is not only grossly inadequate, but the Debtors' schedules fail to provide that the Debtors' have the means to increase their contribution under the Plan as would otherwise be necessary to become reinstated through this bankruptcy case.

10.     In addition, sufficient cause exists to dismiss this case. Notably, the Debtors' petition and schedules contain conflicting, misleading and inaccurate information designed to delay, hinder and defraud the Debtors' creditors.

11.     For instance, the Debtors' petition indicates that the Debtors reside at the Property,[2] while at the same time, the Debtors Schedules I & J, and pay advices indicate that (i) Gordon is employed as a health care employee at Eastside Medical Center in Snellville, Georgia,

---

[1] Notwithstanding, the Debtors' petition at Schedule A indicates Eastern's claim to be $355,053.00 against the Property having a value of $475,000.00.

[2] Notably, no specific apartment unit is given.

and (ii) Forbes is a courier for Sostas Lab Partners in Greensboro, North Carolina. Notably, the Debtors petition and schedules indicate that the Debtors own a residence located at 6856 Wyne Pine Point, Stone Mountain, Georgia which is where both of the Debtors pay advices are addressed. Thus, it would appear that the Debtors do not reside anywhere near New York, and the venue of this filing is questionable.

12. In addition, Eastern objects to the confirmation of the Amended Plan because the amount of pre-petition arrears provided for in the Plan are woefully inadequate, and the Debtors fail to indicate any ability to pay according to the amounts which Eastern is entitled.

13. In addition, the Debtor's Plan must not be confirmed since the Debtor's schedules fail to show that the Debtors have the ability to make any post-petition payments outside the Plan which are due in the monthly amount of $6,570.90. Notably, the Debtors' entire disposable monthly income (before considering distributions to any other creditors or the Standing Chapter 13 Trustee) as indicated on the Debtor's Schedule J is $3,894.00.

14. Thus, the Debtors' Plan is not feasible in any regard, and ample cause exists to terminate this case.

**WHEREFORE**, the Eastern respectfully requests that this Court refuse to confirm the Debtors' Plan and dismiss this bankruptcy proceeding.

Dated: March 9, 2014
   New York, New York

                Kriss & Feuerstein LLP,
                *Attorneys for Eastern Savings Bank, fsb*

           By: *s/ Jason S. Leibowitz*
              Jason S. Leibowitz (JL6718)
              360 Lexington Avenue, Suite 1200
              New York, New York 10017
              (212) 661-2900

TO:

**Francis E. Hemmings, Esq.**
*Debtors' Counsel*
Hemmings & Snell LLP
30 Wall Street, 8th Floor
New York, NY 10005

**Marianne DeRosa**
*Standing Chapter 13 Trustee*
115 Eileen Way, Suite 105
Syosset, NY 11791

**United States Trustee**
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

**Matthew W. Silverman, Esq.**
*Counsel for Creditor U.S. Bank National Association,*
*as Trustee, in trust for the registered holders of*
*Citigroup Mortgage Loan Trust, Asset-Backed*
*Pass-Through Certificates, Series 2007-AHL3*
Shapiro DiCaro & Barak LLC
105 Marcus Road, Suite N109
Melville, NY 11747

**Synchrony Bank c/o Recovery Management Systems Corporation**
*Creditor*
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605

**United Consumer Financial Services**
*Creditor*
Bass & Associates, P.C.
3936 E. Ft. Lowell Road, Suite 200
Tucson, AZ 85718